IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GARY COVINGTON, on behalf of himself
and all others similarly situated                          PLAINTIFF

v.                       No. 2:12-cv-123-DPM

ULESS WALLACE, individually and in his
official capacity; NEAL BYRD, in his official
capacity; DALE ACOSTA, individually and
in his official capacity; and HERMAN HALL,
individually and in his official capacity              DEFENDANTS

ORDER

Covington was arrested on 20 October 2011 and was held in the Phillips County Jail about five weeks before he was brought before a judge. № 52-1 at 4, № 66, & № 66-2. These facts are undisputed. Covington contends that he was denied his constitutional right to a prompt first appearance, and moves for partial summary judgment on the issue of liability. Neal Byrd, the new Phillips County Sheriff, does not oppose the motion. № 57. Wallace and Hall, Helena police chief and one of the city's officers, don't dispute that Covington was denied a prompt first appearance. They argue instead that they are entitled to qualified immunity because Phillips County, not the City of Helena, denied Covington his constitutional rights.

At the outset, the Court notes that Dale Acosta, another Helena police officer, hasn't been properly served. The 120-day window to do so has closed. The Court therefore dismisses the claims against Acosta without prejudice. FED. R. CIV. P. 4(m).

Covington's constitutional rights were violated when he was held in the Phillips County Jail for thirty-nine days without an initial appearance before a judicial officer. *Hayes v. Faulkner County, Arkansas*, 388 F.3d 669, 673-75 (8th Cir. 2004); *Clay v. State*, 318 Ark. 122, 134, 883 S.W.2d 822, 828 (1994); *see also* ARK. R. CRIM. P. 8.1 (requiring an initial appearance without unnecessary delay). But genuine issues of material fact exist about who was responsible for Covington's lengthy detention. Were county officials or city officials, or both, responsible for bringing Covington before a judge for his first appearance? And was Chief Wallace or Officer Hall aware of Covington's prolonged detention? Viewing the evidence in the light most favorable to Wallace and Hall, Covington hasn't shown that either of them were directly involved in holding him in jail for so long. *Tilson v. Forrest City Police Department*, 28 F.3d 802, 808 (8th Cir. 1994).

Wallace and Hall are right that the party who held the keys is responsible for violating Covington's constitutional rights. *Hayes*, 388 F.3d at

675. But the current record is unclear as to who held those keys. Wallace and Hall's knowledge about Covington's circumstances is also unclear at this point. And the cases seem to leave open the possibility that an official's lack of knowledge about the violation is a factor to be considered in determining liability. *Hayes v. Faulkner County, Arkansas*, 285 F. Supp. 2d 1132, 1141 (E.D. Ark. 2003), *aff'd*, 388 F.3d at 676. Covington's motion for summary judgment is therefore denied without prejudice as to Wallace and Hall. The qualified-immunity issue also needs to hang fire until the record is more complete. Whether Wallace or Hall is entitled to this defense may turn, in part, on what each one knew and when he knew it.

Sheriff Byrd acknowledges that Covington didn't receive a timely first appearance and says that "as the operators of the facility in which [Covington] was housed, [Phillips County] would have partial responsibility for this event." *№ 57 at 3 n.1*. He's right. The Court therefore grants Covington's motion as to Byrd. How this partial liability finding will affect the proposed-class issue is for a later day.

\* \* \*

Covington's motion for partial summary judgment, № 50, is granted in part and denied in part without prejudice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

20 March 2014