IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GARY COVINGTON, on behalf of
himself and all others similarly situated                    PLAINTIFF

v.                      No. 2:12-cv-123-DPM

ULESS WALLACE, HERMAN HALL, and
NEAL BYRD, all in their official capacities                  DEFENDANTS

## ORDER

1. The City of Helena-West Helena—which is the real party in Covington's official-capacity claims against Chief Wallace and Officer Hall—seeks summary judgment. Covington and Phillips County resist. A preliminary point: the City renews its arguments about Covington's thin pleading. But the case has moved beyond the pleadings, which the Court deemed adequate, and now includes proof. It's time for a ruling on the trial-worthiness of the record presented.

2. The City's motion is granted on Covington's conditions claims. As the City argues, the County and its sheriff run and control the jail. ARK. CODE. ANN. § 12-41-502. There's simply no proof that some City policy or custom was the moving force behind the allegedly unconstitutional conditions at the jail. *Springdale Education Association v. Springdale School District*, 133 F.3d 649,

651 (8th Cir. 1998).

**3.** The City's motion for summary judgment on the first-appearance claims is denied. Genuinely disputed material facts exist. The testimony of Judges King and Porter makes plain their view that the City was either solely or jointly responsible with the County for making sure that city arrestees got to court for a first appearance. The City disputes this, of course, and that's an issue for trial. Covington is not asserting claims against various City officials who were part of this machinery. His argument, instead, is that various City hands were on the jail keys, just like County hands were. A jury must decide where the truth is about the alleged will-call policy and the County/City roles in all this.

The Court is not persuaded by the City's argument from *Tilson v. Forrest City Police Department*, 28 F.3d 802 (8th Cir. 1994), *Hayes v. Faulkner County, Arkansas*, 388 F.3d 669 (8th Cir. 2004), and *Pledger v. Reece*, 04-3084, 2005 WL 3783430 (W.D. Ark. 9 November 2005). Covington and the County have the better reading of this precedent as applied to this record. There was no evidence in those cases that the non-jail public entity had a role or some responsibility in getting folks to court promptly. This record is different. Here

again, the district judges' deposition testimony is central. They place responsibility on the City, either primarily or jointly. They outline how the process worked, including much involvement by City employees. Importantly, the City was responsible for getting its citations to the district court, so the City's staff could enter the citation on the City's docket and trigger a first appearance. № *104-1 at 17–22* (deposition pagination). The City's custom and practice they outline, a reasonable juror could conclude, was the moving force behind the alleged delays. *Springdale Education Association*, 133 F.3d at 651. Covington's testimony that he thought the County was responsible for his delayed first appearance doesn't change the legal analysis. It makes the point, first, that material facts are disputed. Second, the Court is skeptical about the evidentiary value of this layman's view, on incomplete information, about the mixed question of law and fact presented. If both the County and the City held the keys for City pretrial detainees, then both had to follow the Constitution's commands. And the legal analysis is the same on all Covington's state-law claims about delayed first appearances.

\* \* \*

The City's motion, № 97, is granted on the conditions claims and denied on the first-appearance claims.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

15 October 2014