IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GARY COVINGTON, on behalf of
himself and all others similarly situated                                PLAINTIFF

v.                          No. 2:12-cv-123-DPM

ULESS WALLACE, HERMAN HALL, and
NEAL BYRD, all in their official capacities                              DEFENDANTS

ORDER

**1. Background.** Covington says his rights were violated when he was held in jail, under unconstitutional conditions, for thirty-nine days without an initial appearance. He sues, on behalf of himself and others similarly situated, under § 1983 and the Arkansas Civil Rights Act. Covington now proposes certification of two classes of pretrial detainees—those who were denied a prompt first appearance and those who were subjected to unconstitutional conditions of confinement. Covington has the burden of showing that each proposed class satisfies Federal Rule of Civil Procedure 23(a)'s requirements—numerosity, commonality, typicality, and adequacy of representation. *Bennett v. Nucor Corp.*, 656 F.3d 802, 814 (8th Cir. 2011). Covington must also show that each proposed class falls within one of the three Rule 23(b) categories. *Rattray v. Woodbury County, Iowa*, 614 F.3d 831, 835

(8th Cir. 2010).

**2. First Appearance.** The Court certifies the first-appearance class: all pretrial detainees who were denied a prompt first appearance in the three years before this case was filed on 22 June 2012.

It's undisputed that Covington was denied a prompt first appearance. № 70 at 3. And he has recently provided the Court with a list of at least fifty-two persons allegedly denied the same right. The City contends that the list fails to adequately show the delay or denial of Rule 8 prompt first appearances because it reflects arraignment dates, not Rule 8 hearing dates. The Court concludes, though, that the list satisfies numerosity. *Arkansas Education Association v. Board of Education, Portland Arkansas School District*, 446 F.2d 763, 765–66 (8th Cir. 1971). Although there may have been occasions where the Rule 8 hearings were performed without documentation, Covington is left with the documents provided by the City, which indicate that the first appearance before a judge occurred at arraignment.

Covington has also showed commonality; he "and potential class members were victims of a common decision, policy, or plan of the [defendants] that affected all class members in a similar fashion." *Resendiz-*

*Ramirez v. P&H Forestry, LLC*, 515 F. Supp. 2d 937, 941 (W.D. Ark. 2007). No one disputes the County's hand in the matter. One district judge testified that the City is primarily responsible for making sure a person arrested by the City gets a prompt first appearance. *№ 104-1 at 19 & 24–25* (deposition pagination). The other district judge testified that the City and the County were jointly responsible for the prompt first appearance of City prisoners in County custody. *№ 104-2 at 29–32* (deposition pagination). Then there are the purported admissions by Defendant Wallace, which imply the City has some responsibility for misdemeanor detainees regardless of their jail location. *№ 111 at 2*. Material issues of fact exist about the City's standard practices and its responsibility.

Typicality "requires a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." *Paxton v. Union National Bank*, 688 F.2d 552, 562 (8th Cir. 1982). There appears to be no dispute that Covington has the same grievance—no prompt first appearance after an arrest due to the practice or policy of the County and City—as each of the proposed first-appearance class members. Covington has met the typicality requirement.

Covington satisfies the adequate-representation requirement too. He shares common interests with the members of the class; and he will vigorously prosecute the interests of the class through his qualified and experienced lawyer. *Paxton*, 688 F.2d at 562–63. Covington and his lawyer will fairly and adequately represent the class.

Finally, Covington's first-appearance class action fits comfortably within Rule 23(b)'s third category. Questions of law and fact common to class members predominate over any questions affecting only individuals; and a class is the best way to fairly and efficiently adjudicate the controversy. FED. R. CIV. P. 23(b)(3). The core of the predominance requirement is whether common evidence would prove a defendant's liability to all class members. *Avritt v. Reliastar Life Insurance Company*, 615 F.3d 1023, 1029 (8th Cir. 2010). The City argues that the different amounts of time each of the class members were detained will require the Court to analyze each class member's claim separately to determine whether there was an unnecessary delay. The City also argues that the Court may have to consider separate defenses the City may have for each alleged violation. For example, the City may prove that a delay was due to the County's failure to produce the detainee for court.

The City's contra-predominance arguments lack merit. If the jury finds the City partly responsible for ensuring class members' prompt appearance under the alleged will-call policy, then it will make no legal difference whether the County failed to produce a particular detainee at the appropriate time. The Eighth Circuit has rejected attempts by those who hold the keys to delegate the responsibility for bringing detainees to court for a first appearance. *Hayes v. Faulkner County, Arkansas*, 388 F.3d 669, 674 (8th Cir. 2004). We know that the County held the keys. And we know that the material facts about whether the City did too are genuinely disputed. Whether the City had a will-call custom or practice can be resolved once for all. Common evidence, moreover, will prove whether, in general, pretrial detainees were brought to Court within 72 hours of arrest, which both district judges testified was the rule of thumb for avoiding unnecessary delay under Arkansas Rule of Criminal Procedure 8.1. If Covington proves that the custom and practice of the County and city was otherwise, based on a will-call policy, then he will "make out a prima facie case for class." *In re Zurn Pex Plumbing Products Liability Litigation*, 644 F.3d 604, 618 (8th Cir. 2011). In terms of damages, Covington is right that *Moffitt v. Johnson*, No. 4:05cv963 JLH/HDY

may well provide a useful roadmap. If liability exists, a *per diem* standard, which measures damages by the number of days each class member was unlawfully detained, appears both fair and legally adequate. If Defendants agree with this kind of measure, then this per-day amount could be fixed by the jury as a common issue too. Or the parties can stipulate to an amount. The rest is mostly math. Common questions of law and fact predominate.

The Court knows of only one other case that was filed individually against Defendants on this same issue. And litigation in this district of similar claims involving a much larger class demonstrates manageability. Litigating as a class is the fairest and most efficient way of resolving this case.

**3. Conditions.** Covington's record on a proposed conditions class is just too thin. The Phillips County jail was, indeed, in poor condition. № 84 at 11–15. But each putative class member's claim will rise or fall depending upon the specific conditions he or she encountered and the length of confinement. The constitutional inquiry is a nuanced and highly particularized one. *Owens v. Scott County Jain*, 328 F.3d 1026 (8th Cir. 2003) (*per curiam*). Covington hasn't sufficiently shown commonality under Rule 23(a), predominance under Rule 23(b)(3), or applicability of Rule 23(b)(1) or (2) on his conditions claim.

\* \* \*

Motion for class certification, № 74, granted in part and denied in part. Class certified on the first-appearance claim and denied with prejudice on the conditions claim. Covington's individual conditions claim is set for trial on 20 January 2015. Motion for status conference, № 110, granted. The Court will hold the conference on a mutually convenient date the week of October 27th. There are some scheduling issues in the companion case, № 2:13-cv-84, that need attention. We'll cover those at the conference too.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

15 October 2014