IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GARY COVINGTON, on behalf of
himself and all others similarly situated               PLAINTIFF

v.                       No. 2:12-cv-123-DPM

ULESS WALLACE, HERMAN HALL, and
NEAL BYRD, all in their official capacities             DEFENDANTS

ORDER

1. The 20 January 2015 trial date for Covington's individual jail-conditions claim remains in place. Any dispositive motion from Wallace, Hall, or Byrd is due by 10 November 2014. Pretrial disclosure sheets, motions in limine, and any other pretrial filings are due by 19 December 2014.

2. Chief Wallace and Officer Hall, standing in for the City of Helena-West Helena, seek reconsideration of the Court's denial of summary judgment on the first-appearance claim. The Court has reconsidered—based on the parties' new briefs and the hearing arguments. And the Court has re-read *Tilson v. Forrest City Police Department*, 28 F.3d 802 (8th Cir. 1994) and *Hayes v. Faulkner County, Arkansas*, 388 F.3d 669 (8th Cir. 2004). For the reasons stated before in № 118 and 119, the Court stands by its conclusion that *Tilson* is distinguishable because of the factual record Covington has made here.

Like Faulkner County in *Hayes*, the City Defendants attempt to shift all responsibility for any delayed first appearances to another. But a reasonable juror could conclude that the City held the keys too, and that the City's laxness was so routine that it amounted to a custom or practice of allowing pre-trial detainees to sit in jail rather than get a prompt first appearance. Covington has come forward with proof that approximately fifty people in a three-month period were not brought before a judge within seventy-two hours of being arrested. Jury questions are presented about the City's authority and its standard practices.

**3.** In the alternative, Wallace and Hall asked at the hearing for a stay of any class proceedings against the City so they can pursue an interlocutory appeal of class certification. Balancing all material considerations, the Court denies this oral motion. *Hilton v. New Jersey State Prison*, 481 U.S. 770, 776 (1987).

The City is not likely to succeed on appeal. If fifty delayed first appearances in three months don't create a fact question on an unconstitutional custom or practice, it's difficult to image what circumstances could. If the district judges' testimony about the City's authority and duty

through them and all the other involved City employees doesn't create a fact question on the City holding the keys too, then notwithstanding *Hayes* the constitutional obligation can be delegated without recourse. The public interest favors resolving this case sooner rather than later. The appearance claim is going forward against the County — whom the Court has already held liable — in any event. № 70. Every potential class member with a claim against the City has a claim against the County. It will be fairer and more efficient to proceed with notice, and a short trial to resolve the fact questions about the City's liability, rather than postponing any further action as to the City pending an appeal. While participating in notice and the trial will impose some costs on the City, namely legal fees and expenses, these costs are the usual consequences of litigation, not irreparable harm. Finally, potential class members are likely to be harmed by more delay, as memories fade and making contact with claimants gets more difficult. The balance of equities favors the plaintiffs.

4. The parties should confer and collaborate and file a joint report proposing the form and methods of notice. To the extent disagreement exists, please explain it. Joint report due by 7 November 2014.

\* \* \*

Motions, № 121 & 122, denied.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 October 2014