IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GARY COVINGTON, On Behalf of Himself
and all Others Similarly Situated                                    PLAINTIFF

v.                              No. 2:12-cv-123-DPM

NEAL BYRD, in His Official Capacity;
ULESS WALLACE, in His Official Capacity;
and HERMAN HALL, in His Official Capacity            DEFENDANTS

## ORDER

1. The Court held a fairness hearing on 28 September 2015. And the Court approved the parties' proposed settlement, № 188, as fair, reasonable, and adequate. FED. R. CIV. P. 23(e)(2). All notices were reasonable and adequate in the circumstances. FED. R. CIV. P. 23(e)(1), № 245-1. No one opted out of the class. The $275,000 pool is substantial; the three benefit categories, and related monetary awards, reflect a fair compromise of the claims.

2. No written objections to the settlement were filed or received. Eight individuals appeared at the hearing and objected orally for various reasons. The Court overruled all these objections — they were more about a particular individual's recovery than the fairness of the settlement as a whole. The settlement as a whole is solid; and it's approved.

**3.** After further reflection, the Court modifies its ruling on objections in one respect: the parties must reconsider the classification of, and payment to, Wayne Fulcher, Jennetta Holmes, and Edmond Reese. Each had filed a timely claim. Each testified under oath that he or she did not get notice of the 24 September 2015 hearing to resolve evidentiary issues about claims. Each preserved his or her objection to classification by appearing at the September 28th hearing and speaking, the first available opportunity for these claimants to do so. This reconsideration does not open the door for other folks: Fulcher, Holmes, and Reese are uniquely situated. Revisiting the classification for these three individuals in these circumstances is not tidy. But it's fair, and will not threaten the integrity of the settlement as a whole. Joint notice about reconsideration due by 16 October 2015.

**4.** The objections of everyone else who appeared remain overruled for one reason or another, such as claim untimeliness (Markius Carpenter, Kefrin Davis, and Tameka Price [for her brothers]) or compromise (Nathaniel Jones). Keith Moore didn't get notice of the September 24th hearing; but he's properly in category 3 because he said he couldn't make bond.

-2-

**5.** Covington's Exhibit No. 2, *№ 245-2*, is an adequate written statement of the compromises reached at the 24 September 2015 hearing before Magistrate Judge Volpe. *№ 243*; FED. R. CIV. P. 23(e)(3). None of the individuals who compromised their claims received more than their presumptive classification required; each received less. These were reasonable compromises, not sweet deals for certain people.

**6.** Covington must make a fee proposal to the County and City by 12 October 2015. Covington must file any fee-related motion by 30 October 2015. The parties may, in the alternative, request a referral on the fee issues to Magistrate Judge Volpe by that date.

**7.** The Court directs class counsel to mail a copy of this Order to the eight individuals who appeared at the hearing. This Order, and the related Judgment, should be posted immediately on the case website. Distribution of settlement proceeds should begin as soon as practicable. It should be completed by 20 November 2015. Joint report on distribution due by 1 December 2015.

-3-

So Ordered.

_DPMarshall Jr._
D.P. Marshall Jr.
United States District Judge

_29 September 2015_